UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN P. GRIFFIN,<br><br>            Plaintiff,<br><br>  v.<br><br>SPOKANE POLICE DEPARTMENT, et al.,<br><br>            Defendants. | NO. 2:16-CV-00207-JLQ<br><br>ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND BASELESS, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE |

On June 8, 2016, Plaintiff submitted his *pro se* Complaint along with an Application to Proceed *In Forma Pauperis*. *See* (ECF No. 1); (ECF No. 2). Magistrate Judge Rodgers accepted his application and set the matter for screening by this court pursuant to 28 U.S.C. § 1915(e)(2). On July 1, 2016, the court issued an Order to Amend or Voluntarily Dismiss Complaint because the Complaint failed to state a claim as drafted. (ECF No. 6). If Plaintiff chose to amend his Complaint, he was directed to "present his complaint on the form provided by the court as required by Local Rule 10.1(i)." (ECF No. 6 at 4). On August 4, 2016, Plaintiff submitted a letter purporting to be in compliance with the court's Order. (ECF No. 7). Despite the non-compliant form of this letter, the court has construed and screened the letter as an Amended Complaint.

In the letter, Plaintiff alleged his civil rights were violated because the Spokane Police Department, between June 22, 2013 to June 1, 2016, "used false [and] misleading words like harrassment [sic] instead of cyberstalking. They failed too [sic] show up when I made calls to the national 911 system, crime check and the 1-800 crisis line." (ECF No. 7 at 1). He asserted "[w]hen words like cyberstalking are being replaced by other words

ORDER - 1

the city is for some reason" violating due process. (ECF No. 7 at 1). He also stated "I was abused while walking down the street for being black and other crimes against humanity." (ECF No. 7 at 1).

Plaintiff also alleged he was "denied my legal rights when I was locked out by a member of the Spokane Housing Authority and on the 18th of Aug of this year, 2016, my eviction still isn't complete." (ECF No. 7 at 1). He alleged he lost personal property and was not given an account credit in connection with this eviction. (ECF No. 7 at 1-2). He asserted claims against Chase Bank because they received a credit of $1,072 but "sent the check back and I was unable to pay my rent." (ECF No. 7 at 2). Plaintiff brings claims against Tim Pkm Milhorn for cutting off his power, which "forced me to call 911, forced me to call the 1-800 crisis line one [sic] than once and I was taken too [sic] the Spokane VA Hospital emergency room by members of the Spokane Police Department." (ECF No. 7 at 2). Lastly, Plaintiff asserted three individuals were known to the Spokane Police Department as cyberstalkers. (ECF No. 7 at 2). Plaintiff asserted "the most important thing that the court should know is that national security is more important [than] my rights to due process." (ECF No. 7 at 1).

Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) stating the statute applies to all persons, not just prisoners). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable

ORDER - 2

legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." (*Id.*). A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." (*Id.* at 570).

A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id.*) (quoting *Neitzke*, 490 U.S. at 327).

In considering a *pro se* complaint which fails to state a claim as presented, the court should allow leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Under 42 U.S.C. § 1983, a plaintiff must prove: (1) a person acting under color of state law (2) committed an act that deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844

ORDER - 3

F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To establish liability pursuant to 42 U.S.C. § 1983, the plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim the plaintiff failed to plead. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's factual allegations are baseless and frivolous. Plaintiff's allegations concerning his alleged eviction are not a matter of this court's concern. The allegations regarding the use of "harassment" instead of "cyberstalking" are patently meritless. His other cyberstalking allegations are wholly frivolous. Plaintiff's conclusory statements do not constitute proper allegations and are baseless legal conclusions. The court finds the Complaint frivolous and no amendment would cure the baseless claims contained therein.

The court also observes Plaintiff has eight other cases pending which contain similar allegations of a sparse, conclusory, and fanciful nature. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous claims. Plaintiff is warned a litigant who burdens the court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). This court is considering initiating such a process in light of Plaintiff's conduct and allegations in all of the pending cases, including the instant matter.

///

**IT IS HEREBY ORDERED**:

1. The construed Amended Complaint (ECF No. 7) and the claims therein are **DISMISSED WITH PREJUDICE** based on the court's finding the claims and factual allegations contained therein are frivolous and baseless.

2. The Clerk is directed to enter judgment of dismissal of the construed Amended Complaint (ECF No. 7) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees awarded to any party.

**IT IS SO ORDERED**. The Clerk is directed to enter this Order and Judgment, furnish copies to Mr. Griffin, and close this file.

Dated October 14, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5